Rule 23 order filed
December 3, 2007;
Motion to publish granted
January 17, 2008.

NO. 5-05-0686

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* CHARLES G., a Person Found Subject to Judicial Admission | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (The People of the State of Illinois, | ) |
| Petitioner-Appellee, | ) |
| v. | ) No. 05-MH-191 |
| Charles G., | ) Honorable<br>) Clarence W. Harrison II, |
| Respondent-Appellant). | ) Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

This is the second time this case has been before us. The first time we reviewed this matter, we dismissed the appeal of respondent, Charles G., in a summary order pursuant to Supreme Court Rule 23(c)(3) (166 Ill. 2d R. 23(c)(3)) on the basis that his appeal was moot. The Illinois Supreme Court denied leave to appeal but entered a supervisory order in which it directed us to vacate our summary order, reinstate the appeal, and decide respondent's appeal on the merits. *In re Charles G.*, 225 Ill. 2d 633, 873 N.E.2d 941 (2007). For the following reasons, we now reverse the trial court's order finding respondent to be a person subject to judicial admission.

BACKGROUND

Respondent, age 40 and mildly retarded, voluntarily admitted himself into the Alton Mental Health Center (Alton). Respondent later requested a discharge. In response to his request for a discharge, a social worker filed a commitment petition. The petition alleged respondent was a person subject to involuntary admission for mental health treatment

1

because there was a reasonable expectation, based upon his mental illness, that he could be expected to inflict serious harm upon himself or others in the near future.

On October 25, 2005, the trial court conducted a bench trial. The State called only one witness, Walter Witalka, a licensed clinical social worker at Alton. Mr. Witalka was not directly involved in respondent's care and treatment and did not personally examine respondent because respondent was "tired" and Mr. Witalka "got the impression" respondent did not want to talk to him. Mr. Witalka's testimony was based upon discussions with the staff at Alton about respondent's condition and a review of respondent's records.

Mr. Witalka testified that respondent has a history of being physically aggressive at Alton, but he did not give any specific instances. He testified that respondent "could be" a danger to himself or others if discharged. Mr. Witalka recommended that respondent be placed in inpatient treatment with a gradual transfer to a developmental disabilities facility. Upon cross-examination, Mr. Witalka admitted that a developmental disabilities facility would be appropriate for respondent now and actually more suitable than a mental health facility.

Respondent testified that he hated being at Alton and wanted to leave the facility. He further testified that he had no thoughts of hurting himself or another. Jolene Carter, respondent's case manager at Alton, testified that prior to respondent's hospitalization at Alton he was living in a group home, but, due to some incidents of aggression, the staff at the group home believed that respondent would be better served in a state developmental disabilities facility. However, long waiting lists at those facilities prevented respondent from being admitted to such a facility. Carter admitted that Alton does not have the facilities respondent needs and that "[h]e is just waiting" for placement at a state developmental disabilities facility.

The trial court entered an order for judicial admission, finding that respondent is

2

"mentally retarded and \*\*\* is unable to care for his basic needs so as to protect himself from serious physical harm." Respondent was remanded to the custody of the Department of Human Services for a period of habilitation in a developmental disabilities facility for a period not to exceed 180 days. On November 8, 2005, respondent filed a motion to reconsider, which alleged that respondent had yet to be transferred to a developmental disabilities facility but remained at Alton, a mental health facility. The trial court denied respondent's motion to reconsider.

Respondent filed a timely notice of appeal. Since the time of the trial, respondent has moved into a developmental disabilities facility in Jacksonville, Illinois, and the 180-day order entered by the trial court has expired. As previously stated, we entered a summary order, finding respondent's appeal moot because the 180-day order had expired, and did not address the appeal on its merits. Following our supreme court's supervisory order, we now address the appeal on its merits.

ANALYSIS

Respondent argues that the order for judicial admission must be reversed because (1) the trial court's reason for entering the order is not a ground for a judicial admission, (2) there was no testimony from an expert who examined respondent, contrary to the requirement set forth in section 4-607 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/4-607 (West 2004)), and (3) the petition did not seek or include allegations warranting the order for judicial admission. The State basically concedes these points, relying only on the mootness doctrine. After careful consideration, we agree with respondent that the trial court's order for judicial admission must be reversed.

With regard to respondent's first argument, we note that the trial court's order for judicial admission was based upon respondent's inability "to care for his basic needs so as to protect himself from serious physical harm." However, basic needs is not a ground for a

3

judicial admission based upon mental retardation under section 4-500 of the Code (405 ILCS 5/4-500 (West 2004)). Instead, basic needs is a ground for an involuntary admission based upon mental illness under section 1-119 of the Code (405 ILCS 5/1-119 (West 2004)).

The Code sets forth the following basis for a judicial admission based upon mental retardation:

"A person 18 years of age or older may be admitted to a facility upon court order under this Article if the court determines: (1) that he is mentally retarded; and (2) that he is reasonably expected to inflict serious physical harm upon himself or another in the near future." 405 ILCS 5/4-500 (West 2004).

The status of mental retardation without further inquiry or rationale is insufficient to justify involuntary institutionalization. *O'Connor v. Donaldson*, 422 U.S. 563, 575, 45 L. Ed. 2d 396, 406-07, 95 S. Ct. 2486, 2493 (1975). Section 4-500 of the Code recognizes this constitutional limitation and requires a finding that a mentally retarded person can only be involuntarily committed if there is evidence showing that the mentally retarded person is reasonably expected to inflict serious physical harm upon himself or another in the near future. 405 ILCS 5/4-500 (West 2004).

We have no doubt that the trial court had nothing but respondent's best interests in mind when committing respondent. The trial court explained that it was attempting to cut through "the red tape" and get respondent admitted to a proper developmental disabilities facility. Nevertheless, we agree with respondent that he cannot be judicially admitted to a mental health facility on grounds not authorized by the Code, and for this reason, the trial court's order must be reversed.

Respondent also contends that the trial court's order for judicial admission must be reversed because there was no testimony from an expert who examined respondent, contrary to section 4-607 of the Code. Again, we must agree with respondent.

4

Section 4-607 of the Code provides as follows:

"Expert testimony; waiver. No respondent may be found to meet the standard for judicial admission unless at least one clinical psychologist, clinical social worker, or physician who has examined him testifies in person at the hearing. The respondent may waive the requirement of this testimony subject to the approval of the court." 405 ILCS 5/4-607 (West 2004).

In the instant case, respondent did not waive the requirement, and the State only presented the testimony of Walter Witalka, a licensed clinical social worker, who did not examine respondent.

Respondent cites *In re Michelle J.*, 209 Ill. 2d 428, 808 N.E.2d 987 (2004), a consolidated appeal involving two respondents, Michelle and Sam. Our supreme court found it was appropriate for Michelle's clinical psychologist to testify, even though the psychologist was unable to interview Michelle before the hearing, because the psychologist was directly involved in Michelle's care, was a consultant on Michelle's treatment team, and met with Michelle in a group session three days before the hearing. *In re Michelle J.*, 209 Ill. 2d at 439, 808 N.E.2d at 993. On the other hand, the supreme court found that Sam's involuntary admission could not be extended based on the testimony of a psychologist who did not examine Sam. That psychologist had never been directly involved in Sam's treatment and, therefore, was without any personal knowledge of Sam's condition. The reason an interview could not be conducted was that Sam was restrained and not in a position to be interviewed when the psychologist's schedule allowed. *In re Michelle J.*, 209 Ill. 2d at 436, 808 N.E.2d at 991.

We agree with respondent that Mr. Witalka's attempt to interview respondent was insufficient. Mr. Witalka was not personally involved in respondent's treatment or care at Alton. He did not talk directly with respondent because respondent was "tired" and Witalka

was under the impression respondent did not want to talk to him. Relying on our supreme court's analysis in *In re Michelle J.*, we find that Mr. Witalka's testimony failed to meet the expert-testimony requirements set forth in section 4-607 of the Code.

Finally, we also agree with respondent's third argument that the petition did not seek or include allegations warranting the order for judicial admission. Again, we note that while we believe the trial court was attempting to find the proper placement for respondent, the pleadings and the trial court's findings do not have the necessary elements in common. Respondent was denied his fundamental liberties and due process protections.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed.

Reversed.

CHAPMAN and DONOVAN, JJ., concur.

NO. 5-05-0686

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* CHARLES G., a Person Found Subject to Judicial Admission | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (The People of the State of Illinois, | ) |
| | ) |
| Petitioner-Appellee, | ) |
| | ) |
| v. | ) No. 05-MH-191 |
| | ) |
| Charles G., | ) Honorable |
| | ) Clarence W. Harrison II, |
| Respondent-Appellant). | ) Judge, presiding. |

---

**Rule 23 Order Filed:** December 3, 2007
**Motion to Publish Granted:** January 17, 2008
**Opinion Filed**: January 17, 2008

---

**Justices**: Honorable Richard P. Goldenhersh, J.

Honorable Melissa A. Chapman, J.,
Honorable James K. Donovan, J.,
Concur

---

**Attorneys for Appellant**

Ann Krasuski, Guardianship & Advocacy Commission, West Suburban Office, P.O. Box 7009, Hines, IL 60141-7009; Anthony E. Rothert, Staff Attorney, 4500 College Avenue, Suite 100, Alton, IL 62002-5051; Penelope S. Smith, Guardianship & Advocacy Commission, No. 7 Cottage Drive, Anna, IL 62906

---

**Attorneys for Appellee**

Stephen E. Norris, Deputy Director, State's Attorneys Appellate Prosecutor, Sharon Shanahan, Contract Attorney, 730 E. Illinois Hwy. 15, P.O. Box 2249, Mt. Vernon, IL 62864